**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Terri Singer,<br><br>    Plaintiff,<br><br>v.<br><br>Commissioner of Social Security Administration,<br><br>    Defendant. | No. CV-18-01767-PHX-JJT<br><br>**ORDER** |

At issue is the denial of Plaintiff Terri Singer's Application for Supplemental Security Income Benefits by the Social Security Administration ("SSA") under the Social Security Act ("the Act"). Plaintiff filed a Complaint (Doc. 1) with this Court seeking judicial review of that denial, and the Court now addresses Plaintiff's Opening Brief (Doc. 14, "Pl.'s Br."), Defendant Social Security Administration Commissioner's Opposition (Doc. 17, "Def.'s Br."), and Plaintiff's Reply (Doc. 20, "Reply"). The Court has reviewed the briefs and Administrative Record (Doc. 13, R.) and now reverses the Administrative Law Judge's decision (R. at 31–51) as upheld by the Appeals Council (R. at 1–7).

**I.    BACKGROUND**

Plaintiff filed an application for Supplemental Security Income Benefits on October 17, 2013 for a period of disability beginning July 1, 2012. (R. at 22.) Plaintiff's claim was denied initially on March 31, 2014 (R. at 22), and on reconsideration on September 13, 2014 (R. at 22). Plaintiff then testified at a hearing held before an

Administrative Law Judge ("ALJ") on March 15, 2016. (R. at 46–65.) On May 26, 2016, the ALJ denied Plaintiff's Application. (R. at 35.) On April 9, 2018, the Appeals Council denied a request for review of the ALJ's decision. (R. at 1–6.) On June 6, 2018, Plaintiff filed this action seeking judicial review of the denial.

The Court has reviewed the medical evidence in its entirety and finds it unnecessary to provide a complete summary here. The pertinent medical evidence will be discussed in addressing the issues raised by the parties. In short, upon considering the medical records and opinions, the ALJ evaluated Plaintiff's disability based on the following alleged impairments: fibromyalgia; degenerative changes of the cervical spine with radiculopathy, migraine headaches, and obesity. (R. at 36.)

Ultimately, the ALJ determined that Plaintiff "does not have an impairment or combination of impairments that meets or medically equals the severity of the listed impairments in 20 C.F.R. Part 404." (R. at 40.) The ALJ then found that Plaintiff has the residual functional capacity ("RFC") to "perform less than a full range of light work as defined in 20 C.F.R. § 404.1567(b)" in a role such as administrative clerk or office manager. (R. at 40, 44.)

## II. LEGAL STANDARD

In determining whether to reverse an ALJ's decision, the district court reviews only those issues raised by the party challenging the decision. *See Lewis v. Apfel*, 236 F.3d 503, 517 n.13 (9th Cir. 2001). The court may set aside the Commissioner's disability determination only if the determination is not supported by substantial evidence or is based on legal error. *Orn v. Astrue*, 495 F.3d 625, 630 (9th Cir. 2007). Substantial evidence is more than a scintilla, but less than a preponderance; it is relevant evidence that a reasonable person might accept as adequate to support a conclusion considering the record as a whole. *Id.* To determine whether substantial evidence supports a decision, the court must consider the record as a whole and may not affirm simply by isolating a "specific quantum of supporting evidence." *Id.* As a general rule, "[w]here the evidence is susceptible to more than one rational interpretation, one of which supports the ALJ's decision, the ALJ's

conclusion must be upheld." *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002) (citations omitted).

To determine whether a claimant is disabled for purposes of the Act, the ALJ follows a five-step process. 20 C.F.R. § 404.1520(a). The claimant bears the burden of proof on the first four steps, but the burden shifts to the Commissioner at step five. *Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999). At the first step, the ALJ determines whether the claimant is presently engaging in substantial gainful activity. 20 C.F.R. § 404.1520(a)(4)(i). If so, the claimant is not disabled and the inquiry ends. *Id.* At step two, the ALJ determines whether the claimant has a "severe" medically determinable physical or mental impairment. 20 C.F.R. § 404.1520(a)(4)(ii). If not, the claimant is not disabled and the inquiry ends. *Id.* At step three, the ALJ considers whether the claimant's impairment or combination of impairments meets or medically equals an impairment listed in Appendix 1 to Subpart P of 20 C.F.R. Part 404. 20 C.F.R. § 404.1520(a)(4)(iii). If so, the claimant is automatically found to be disabled. *Id.* If not, the ALJ proceeds to step four. *Id.* At step four, the ALJ assesses the claimant's RFC and determines whether the claimant is still capable of performing past relevant work. 20 C.F.R. § 404.1520(a)(4)(iv). If so, the claimant is not disabled and the inquiry ends. *Id.* If not, the ALJ proceeds to the fifth and final step, where he determines whether the claimant can perform any other work in the national economy based on the claimant's RFC, age, education, and work experience. 20 C.F.R. § 404.1520(a)(4)(v). If so, the claimant is not disabled. *Id.* If not, the claimant is disabled. *Id.*

### III. ANALYSIS

Plaintiff raises two arguments for the Court's consideration: (1) the ALJ erred in rejecting the examining physician's assessment and (2) the ALJ erred by discrediting Plaintiff's pain and symptom testimony. (Pl.'s Br. at 1.)

**A. The ALJ Erred by Rejecting the Examining Physician's Assessment**

While "[t]he ALJ must consider all medical opinion evidence," there is a hierarchy among the sources of medical opinions. *Tommasetti v. Astrue*, 533 F.3d 1035, 1041 (9th Cir.

2008). Those who have treated a claimant are treating physicians, those who examined but did not treat the claimant are examining physicians, and those who neither examined nor treated the claimant are nonexamining physicians. *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1995). "The opinion of an examining physician is . . . entitled to greater weight than the opinion of a nonexamining physician." *Id.* at 830. "[T]he opinion of an examining doctor, even if contradicted by another doctor, can only be rejected for specific and legitimate reasons that are supported by substantial evidence in the record." *Id.* at 830–31. "The ALJ can meet this burden by setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating his interpretation thereof, and making findings." *Magallanes v. Bowen*, 881 F.2d 747, 751 (9th Cir. 1989). "Substantial evidence means more than a mere scintilla, but less than a preponderance." *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995).

Here, the ALJ assigned minimal weight to the opinion of Plaintiff's examining physician, Dr. John Peachey, while assigning partial weight to the opinions of agency desktop reviewers. (R. at 44.) Dr. Peachey concluded that Plaintiff's "symptoms diminish her abilities to perform physical work-related activities," and that "a complete form of disability is recommended." (R. at 44.) Conversely, the agency desktop reviewers opined that Plaintiff "can perform a full range of light work." (R. at 43.) The ALJ found that the record contains insufficient objective medical evidence to support Dr. Peachey's opinion. For reasons the Court will explain below, the ALJ failed to articulate specific and legitimate reasons to discredit an examining physician's opinion.

To begin with, the ALJ relies on conclusory assertions to discredit the examining physician's opinion. In discrediting Dr. Peachey's opinion, the ALJ notes, "as explained above, the medical evidence of record supported that claimant can perform a range of light work with various postural and environmental limitations," and "some of Dr. Peachey's exertional limitations were overly restrictive in light of the stable and controlled symptoms noted above." (R. at 44.) These statements fail to satisfy the burden that the ALJ's conclusion be based on specific and legitimate reasons supported by substantial evidence.

*See Magallanes v. Bowen,* 881 F.2d 747, 751 (9th Cir. 1989) ("[t]he ALJ can meet this burden by setting out a detailed and through summary of the facts and conflicting clinical evidence, stating his interpretation thereof, and making findings"); *see also Padilla v. Comm'r. of Soc. Sec.*, No. CV-17-02737-PHX-BSB, 2018 WL 4770807 at *6 (D. Ariz. Oct. 3, 2018) (finding that "[e]ven if the record includes limited objective evidence and treatment evidence, the ALJ still failed to connect that evidence, or lack of evidence, to her rejection of any particular limitation that [the treating physician] identified"). The ALJ's conclusory and general assertions do not constitute legally sufficient reasons for discounting Dr. Peachey's opinions.

To the extent that the ALJ identifies specific reasons for discrediting the examining physician's opinions, the reasons are inadequate. Specifically, the ALJ asserts that "Dr. Peachey's exertional limitations were overly restrictive in light of the stable and controlled symptoms noted above." (R. at 44.) Stable and controlled symptoms do not equate to nonexistent or not disabling. *See Petty v. Astrue*, 550 F. Supp. 2d 1089, 1099 (D. Ariz. 2008) ("[t]he Court initially notes that a condition can be stable but disabling). This is not a legitimate reason for rejecting the examining physician's opinion.

Moreover, the ALJ discredited Dr. Peachey's opinion because he was limited to one examination with the Plaintiff "without knowing whether [s]he was having a good day or bad day on that occasion." (R. at 44.) This does not constitute a legitimate reason either. "SSR 12-2P recognizes that the symptoms of fibromyalgia wax and wane, and that a person may have bad days and good days . . . . In light of this . . . after a claimant has established a diagnosis of fibromyalgia, an analysis of her RFC should consider a longitudinal record whenever possible." *Revels v. Berryhill*, 874 F.3d 648, 657 (9th Cir. 2017) (internal citation omitted). Thus, whether the plaintiff was having a good day or bad day is not particularly relevant. The ALJ's unsubstantiated assertion is further discounted by the fact that the examining physician examined Plaintiff in-person on March 9, 2016, while the nonexamining physician, whose opinion he gives more weight, never performed an actual examination and issued his opinion on March 28, 2014. (R. at 107, 1024.)

While the ALJ is correct in noting that a determination of whether Plaintiff is disabled is reserved for the Commissioner, that does not automatically discredit Dr. Peachey's statement that "a complete form of disability is recommended." (R. at 1080.) Dr. Peachey's opinion that Plaintiff is disabled is supported by medical notes indicating that he performed a comprehensive medical exam in order to arrive at that conclusion. (R. at 1024–1032.)

### B. The Credit-As-True Rule Applies

While Plaintiff also argues that the ALJ erred in discrediting Plaintiff's symptom testimony, the Court need not reach that argument because its finding that the ALJ erred in discrediting Dr. Peachey's testimony leaves nothing else to resolve. The Court agrees with Plaintiff that, in the face of that error, the proper remedy is to remand for entry of benefits without further consideration.

The credit-as-true rule only applies in cases that raise "rare circumstances" which permit the Court to depart from the ordinary remand rule under which the case is remanded for additional investigation or explanation. *Treichler v. Comm'r of Soc. Sec. Admin.*, 775 F.3d 1090, 1099–1102 (9th Cir. 2014). These rare circumstances arise when three elements are present. First, the ALJ fails to provide legally sufficient reasons for rejecting medical evidence. *Id*. at 1100. Second, the record must be fully developed, there must be no outstanding issues that must be resolved before a determination of disability can be made, and further administrative proceedings would not be useful. *Id*. at 1101. Further proceedings are considered useful when there are conflicts and ambiguities that must be resolved. *Id*. Third, if the above elements are met, the Court may "find[] the relevant testimony credible as a matter of law . . . and then determine whether the record, taken as a whole, leaves 'not the slightest uncertainty as to the outcome of [the] proceeding.'" *Id*. (citations omitted).

Here, application of the credit-as-true rule is appropriate because, had the ALJ properly credited Dr. Peachey's medical opinion, there would be no outstanding issues left to resolve. The Agency's Vocational Expert ("VE") was presented with Dr. Peachey's

proffered limitations, including the ability to stand or walk for three hours out of an eight-hour workday and sit for four hours,[1] requiring a position change every 46 to 60 minutes followed by ten minutes of rest, and suffering from severe pain 11% of the workday. (R. at 103–104.) When presented with these limitations, the VE concluded that no job would be sustainable. (R. at 104.)

The Court sees no significant conflicts or ambiguities that are left for the ALJ to resolve. Moreover, considering the record as a whole, including Dr. Peachey's opinion—which the Court credits as a matter of law—and the corresponding testimony of the VE (R. at 103–104), the Court is left with no doubt that Plaintiff is disabled under the Act. *See Garrison*, 759 F.3d at 1022–23; *Lingenfelter*, 504 F.3d at 1040–41 & n.12.

### III. CONCLUSION

Plaintiff raises materially harmful error on the part of the ALJ, and, for the reasons set forth above, the Court must reverse the decision denying Plaintiff's Application for Disability Insurance Benefits under the Act and remand for a calculation of benefits.

**IT IS THEREFORE ORDERED** reversing the May 26, 2016 decision of the Administrative Law Judge, (R. at 31–51), as upheld by the Appeals Council on April 9, 2018, (R. at 1–7).

**IT IS FURTHER ORDERED** remanding this case to the Social Security Administration for a calculation of benefits.

**IT IS FURTHER ORDERED** directing the Clerk to enter final judgment consistent with this Order and close this case.

Dated this 1st day of August, 2019.

Honorable John J. Tuchi
United States District Judge

---

[1] In fact, Dr. Peachey opined that Plaintiff could only stand or walk for two hours out of an eight-hour day and could only sit for two hours of an eight-hour day. (R. at 1029.)